IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

RONNIE D. REDDEN,

        Plaintiff,

v.                                        CIVIL ACTION NO. 2:17-cv-01549

DAVID BALLARD, et al.,

        Defendants.

**ORDER**

Before the Court are a Motion to Dismiss Complaint filed by defendants David Ballard and the West Virginia Division of Corrections, (ECF No. 12), a Motion to Dismiss Complaint filed by Wexford Health Sources, Inc., (ECF No. 14), a Motion to Dismiss Amended Complaint filed by Wexford Health Sources, Inc., (ECF No. 26), and Plaintiff's Motion for Injunction, (ECF No. 35).[1] By Standing Order filed in this case on March 7, 2017, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R"). (ECF No. 5.) Magistrate Judge Tinsley entered his PF&R on July 17, 2018, recommending that the Court grant Defendants' motions to dismiss, (ECF Nos. 12, 14 & 26), as Defendants are entitled to qualified immunity, deny as moot Plaintiff's Motion for Injunction (ECF No. 35), as Plaintiff has been transferred outside of the jurisdiction of this District, and dismiss this civil action from the docket of the court. (*See* ECF No. 47.)

---

[1] Also before the Court is Plaintiff's motion to appoint counsel, filed on August 22, 2018. (ECF No. 53.) Appointment of counsel to an indigent civil litigant is appropriate if the litigant "has a colorable claim but lacks the capacity to present it." *Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978). As explained more fully in the PF&R, Plaintiff's claims are barred by Eleventh Amendment and qualified immunities. (ECF No. 47.) Therefore, he has failed to present a colorable claim. The motion for appointment of counsel, (ECF No. 53), is **DENIED**.

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and a party's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

Objections to the PF&R in this case were due on August 3, 2018. Plaintiff filed his objections on July 25, 2018. (ECF No. 49.) However, Plaintiff's objections fail to directly address the PF&R's recommendations regarding the Eleventh Amendment, qualified immunity or the Court's jurisdiction regarding injunctive and declaratory relief. As such, the Court is not required to review the conclusions of the magistrate judge. *Thomas*, 474 U.S. at 150.

The Court therefore **ADOPTS** the PF&R, (ECF No. 47), **GRANTS** Defendants' motions to dismiss, (ECF Nos. 12, 14 & 26), and **DENIES AS MOOT** Plaintiff's Motion for Injunction, (ECF No. 35). The Court also **DENIES** Plaintiff's Motion to Appoint Counsel. (ECF No. 53.) The Court further dismisses this matter and **DIRECTS** the Clerk to remove this action from the docket of the Court.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 10, 2018

THOMAS E. JOHNSTON, CHIEF JUDGE