IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

RONNIE D. REDDEN,

          Plaintiff,

v.                                                                  CIVIL ACTION NO. 2:17-cv-01549

DAVID BALLARD, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Before this Court is Plaintiff Ronnie D. Redden's ("Plaintiff") "Motion of Additional Grounds and Issues." (ECF No. 55.) This motion is dated September 3, 2018, but it was not entered on this Court's docket until September 12, 2018—two days after this Court entered its order dismissing Plaintiff's action. (ECF No. 54.) Because Plaintiff prepared the motion before his action was dismissed, this Court construes it as a motion to amend the complaint. For the reasons explained more fully herein, the motion, (ECF No. 55), is **DENIED**.

                                                  I.     BACKGROUND

Plaintiff, an incarcerated person proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983, arguing that the inadequacy of his Hepatitis C treatment while incarcerated amounts to cruel and unusual punishment. (ECF No. 25.) On July 17, 2018, Magistrate Judge Dwane L. Tinsley entered his proposed findings and recommendation for disposition ("PF&R") in this case, recommending that this Court grant Defendants' motions to dismiss because Defendants were entitled to qualified immunity and deny Plaintiff's motion for injunctive relief because Plaintiff

had been transferred to another facility outside the Southern District of West Virginia. (ECF No. 47.) Plaintiff filed timely objections to the PF&R on July 25, 2018. (ECF No. 49.) This Court overruled Plaintiff's objections, adopted the PF&R in full, and dismissed this action on September 10, 2018. (ECF No. 54.)

On September 12, 2018, Plaintiff filed the instant motion for leave to amend the complaint. (ECF No. 55.) Shortly afterward, on October 3, 2018, Plaintiff filed a notice of appeal of this Court's order dismissing his case. (ECF No. 57.) That timely filed notice of appeal deprived this Court "of jurisdiction to rule on any matters involved in the appeal." *Doe v. Public Citizen*, 749 F.3d 246, 258 (4th Cir. 2014). While an appeal is pending, this Court has no jurisdiction to rule on matters, such as a motion to amend the complaint, that "alter[] the status of the case as it rests before the court of appeals." *Id.* at 259; *see United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1110 (9th Cir. 2001) (holding that no appellate jurisdiction existed because leave to amend complaint granted after notice of appeal filed rendered judgment not final).

The Fourth Circuit Court of Appeals upheld this Court's dismissal of the action on January 23, 2019. (ECF No. 63.) Accordingly, this Court again possesses jurisdiction to consider Plaintiff's motion to amend the complaint.

## II. LEGAL STANDARD

"[T]he grant or denial of an opportunity to amend [the complaint] is within the discretion of the district court." *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014) (internal quotation marks omitted). This Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, it "may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010) (citing

2

*Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc)); *see Drager*, 741 F.3d at 474 (clarifying that "[a] district court's denial of leave to amend is appropriate" only under these three circumstances). As relevant here, "[a] proposed amendment is futile when it is clearly insufficient or frivolous on its face" or "if the claim it presents would not survive a motion to dismiss." *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019) (internal quotation marks omitted).

### III. DISCUSSION

Plaintiff's motion to amend his complaint purports to add two claims: a First Amendment retaliation claim based on his transfer to another prison after this lawsuit was filed and a constitutional claim based on an assault that occurred on January 10, 11, and 12, 2004. (ECF No. 55 at 1–2.) With respect to the latter claim, amendment would be futile because the claim's assertion is clearly untimely. *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) ("Where the statute of limitations bars a cause of action, amendment may be futile and therefore can be denied."). Any action stemming from the alleged assault should have been filed within two years of the assault. *DePaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018) (explaining that statute of limitations for 42 U.S.C. § 1983 claim is equivalent to "the statute of limitations for personal injuries of the state in which the alleged violations occurred"); W. Va. Code § 55-2-12(b) (providing that statute of limitations for personal injury action is two years). Plaintiff did not file the above-styled action until September 13, 2017, more than a decade too late. As such, his request to add this claim is **DENIED**.

Plaintiff's First Amendment retaliation claim fares no better. Plaintiff avers that he was transferred to another prison in retaliation for filing the instant action, "to move it out of jurisdiction." (ECF No. 55 at 1.) However, Plaintiff's transfer to a facility located outside the

3

bounds of the Southern District of West Virginia has no effect on this Court's power to exercise subject-matter jurisdiction in this case. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (holding that plaintiff inmate's transfer to another facility did not moot his action for monetary damages). Therefore, Plaintiff can show no adverse effect on his First Amendment rights, as required to state a First Amendment retaliation claim. *Martin v. Duffy*, 858 F.3d 239, 249 (4th Cir. 2017) (listing elements of First Amendment retaliation claim). To the extent that Plaintiff's transfer rendered his requests for injunctive and declaratory relief moot, Plaintiff may, as Magistrate Judge Tinsley explained in his PF&R, pursue such relief by initiating a grievance at his new facility with respect to his treatment for Hepatitis C. (*See* ECF No. 47 at 15–16.) Accordingly, Plaintiff's request to add a First Amendment retaliation claim is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's "Motion of Additional Grounds and Issues," (ECF No. 55), is **DENIED**. The above-styled matter remains closed.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 27, 2019

_____
THOMAS E. JOHNSTON, CHIEF JUDGE